**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| BRENDA K. COMBS | |
| Plaintiff, | |
| v. | Case No. 3:19-cv-50229 |
| NATIONAL RECOVERIES, INC., | |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, BRENDA K. COMBS, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, NATIONAL RECOVERIES, INC., as follows:

### NATURE OF THE ACTION

1.     This action is seeking damages for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4.     BRENDA K. COMBS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Rockford, Illinois.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     NATIONAL RECOVERIES, INC. ("Defendant") is a foreign corporation with its principal place of business located in Ham Lake, Minnesota.

1

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

8.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

9.      On or before July 30, 2019, U.S. Department of Education enlisted Defendant to collect Plaintiff's defaulted $3,948.17 federal student aid account balance.

10.     Plaintiff's alleged $3,948.17 account balance is a "debt" as defined by 15 U.S.C. § 1692a(5) as it relates to an obligation or alleged obligation to pay money arising out of a transaction in which the money which is the subject of the transaction are primarily for personal, family, or household purposes.

11.     On July 30, 2019, Defendant sent Plaintiff an initial written communication (the "July 30th Letter") stating:

> This notice regarding your defaulted student loan **_or_** grant overpayment held by the U.S. Department of Education, is from National Recoveries, Inc.

12.     On August 30, 2019, Defendant sent Plaintiff another written communication (the "August 30th Letter") stating:

> This notice regarding your defaulted student loan **_or_** grant overpayment held by the U.S. Department of Education, is from National Recoveries, Inc.

14.     Because neither Defendant's July 30th Letter nor August 30th Letter unequivocally identified whether Defendant is seeking to collect defaulted student loan debt or grant overpayment, Plaintiff was confused as to what Defendant was trying to collect for – defaulted student loan debt or grant overpayment.

2

15.     Defendant's July 30th and August 30th Letters caused enough confusion/uncertainty to lead Plaintiff to question whether Defendant's business was legitimate and reputable.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

16.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

17.     Section 1692e provides:

[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

15 U.S.C. § 1692e

18.     Although the word "confusing" does not appear in section 1692e, the Seventh Circuit has "interpreted the FDCPA to prohibit confusing presentations."  *See O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 343 (7th Cir. 2018).  Under this standard, a letter might be literally true, but still be misleading or confusing.  *Id* at 344.

19.     Defendant violated 15 U.S.C. §§ 1692e(2)(A) by sending Plaintiff letters on July 30th and August 30th  containing confusing language.

20.     Specifically, neither Defendant's July 30th Letter nor August 30th Letter unequivocally identified whether Defendant is seeking to collect defaulted student loan debt or grant overpayment; creating confusion/uncertainty as to what precisely Defendant was trying to collect for.

21.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692e pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any

3

provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

 (1) any actual damage sustained by such person as a result of such failure;

 (2)

   (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

 (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

 A. a finding that Defendant violated 15 U.S.C. § 1692e;

 B. an award of any actual damages sustained by Plaintiff;

 C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

 D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

 E. an award of such other relief as this Court deems just and proper.

4

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: September 13, 2019

Respectfully submitted,

**BRENDA K. COMBS**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
Victor T. Metroff
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com